IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Nicholas Mantooth, on behalf of himself and on behalf of all others similarly situated,    )<br>)<br>)<br>Plaintiff,                                         )<br>)<br>vs.                                                     )<br>)<br>Optimal Energy Resources, Inc.,              )<br>)<br>Defendant.                                         ) | **ORDER DENYING MOTION**<br><br><br>Case No. 1:18-cv-094 |

Before the Court is the Defendant's "Motion for Extension of Time to Respond to Plaintiff's Motion for Conditional Certification" filed on October 10, 2018. See Docket No. 37. The Plaintiff filed a response in opposition to the motion on October 10, 2018. See Docket No. 38.

The Defendant's response to the Plaintiff's motion for conditional certification is due October 16, 2018. The Defendant seeks an extension of time until two weeks after six depositions have been taken to respond to the motion for conditional certification. The depositions have yet to be scheduled. The Defendant suggests it has had difficulty with opposing counsel in scheduling depositions. A scheduling conference is set for October 30, 2018, before Magistrate Judge Miller at which time the issue of scheduling depositions will likely be addressed.

The FLSA authorizes employees to bring a collective action against employers to recover unpaid overtime. 29 U.S.C. § 216(b). Unlike a Rule 23 class action, under the FLSA no employee shall be a party to a collective action unless they give consent in writing to become such a party, and such consent is filed in the court in which the action is brought. Chin v. Tile Shop, LLC, 57 F. Supp. 3d 1075, 1082 (D.Minn. 2014). Courts have discretion, in "appropriate cases," to facilitate the opt-in

1

process by conditionally certifying a class and authorizing court-supervised notice to potential opt-in plaintiffs.  Id. (citing Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937, 939 (D. Minn. 2009)).

A collective action under the FLSA may only proceed if the plaintiffs demonstrate they are similarly situated to the proposed FLSA class.  This process requires a two step inquiry.  First, the Court must determine whether the class should be conditionally certified for notification and discovery purposes.  Burch v. Qwest Communications Int'l, Inc., 500 F. Supp. 2d 1181, 1186 (D. Minn. 2007).  In this early stage of the conditional certification process, plaintiffs merely need to establish a **colorable basis** for their claim that the putative class members were the victims of a single decision, policy, or plan.  Id.  The determination of class status at this early notice stage is to be granted liberally because there has been little or no discovery and courts have minimal evidence for analyzing the class.

After discovery is completed, courts then conduct an inquiry into several factors if there is a motion to decertify the class.  Burch, 500 F. Supp. 2d at 1186.  These factors include: (1) the extent and consequences of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant that appear to be individual to each plaintiff; and (3) other fairness and procedural considerations.  Id.  If the class is decertified, opt-in class members are dismissed without prejudice and the case proceeds only in the putative class representatives' individual capacities.  Chin, 57 F. Supp. 3d at 1082.

Since the relevant inquiry at this stage of the case is not based on the merits of the claims nor intended to resolve factual disputes, it is unnecessary to submit deposition testimony in support of a response to a motion for conditional certification.  The Defendant misapprehends the relevant inquiry.  Pre-conditional certification discovery is simply unnecessary.  Courts are to rely on the pleadings and any affidavits submitted by the Plaintiff to determine whether to grant conditional

certification.  See Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007).  The Court is not required to make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties.  Chin, 57 F. Supp. 3d at 1083.

For the reasons set forth above, the Defendant's' Motion for Extension of Time to Respond to Plaintiff's Motion for Conditional Certification (Docket No. 37) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2018.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

3